CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DENISE N. YASINOW (NYBN 5593819)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 377-5946
    FAX: (415) 436-7234
    Denise.yasinow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO.** 3:20-CR-00128-SI |
|---|---|---|
| Plaintiff, | ) | **[PROPOSED] DETENTION ORDER** |
| v. | ) | |
| MELVIN LOPEZ, | ) | |
| Defendant. | ) | |

On November 10, 2022, defendant Melvin Lopez was charged in a Form 12 Probation Violation Petition with one count of violating Standard Condition Number Two of his standard terms of supervised release.

This matter came before the Court on May 19, 2026, for a detention hearing. The defendant was present and represented by Assistant Federal Defender Angela Chuang. Assistant United States Attorney Denise Yasinow appeared for the government. The government moved for detention, and the defendant opposed. The Probation Office also recommended detention. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C.

Section 3143(a)(1) that the defendant did not establish by clear and convincing evidence that he will not flee. Accordingly, the defendant must be detained pending a revocation hearing in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. As noted on the record, the defendant's 3.5 year history of absconding from supervision means he cannot meet his burden to show that he will not flee, and this lengthy period of absconding also makes it unlikely that any conditions of release could protect against that risk. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, IT IS ORDERED THAT:

1.      The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 19, 2026

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge